# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

FREDERICK D. JONES, JR.,         )
        )
            Plaintiff,        )
        )
              v.          )       No. 4:19-cv-00237-TWP-DML
        )
SUSAN ORTH,               )
        )
            Defendant.       )

## ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING ORDER, AND DISMISSING ACTION

This matter is before the Court on Plaintiff Frederick D. Jones, Jr.'s ("Jones") "Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee" (Filing No. 2), allowing him to proceed *in forma pauperis*. For reasons stated below, that request is **granted**. Because Jones is allowed to proceed *in forma pauperis*, this action is also subject to screening to determine whether the case may proceed.

## I. DISCUSSION

### A. Filing Fee

Jones's motion for leave to proceed *in forma pauperis*, without prepaying fees or costs (Filing No. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre-*payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Jones's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS

106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.  Screening**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**C.  The Complaint**

In this civil action, *pro se* plaintiff Jones has filed a fill-in-the-blank "Complaint Form," asserting that state court judge Susan Orth has violated his constitutional rights and has been biased against him by not more quickly ruling on his motions filed in Judge Orth's court. Jones asks this Court to "clear my name and have the people acknowledge me (sic) a National Security and a badge with name and rank," and to award him five million dollars (Filing No. 1). In particular, Jones asserts that Judge Orth is "racial profiling" him "because I complained about them on social media and Facebook," and he asserts that Judge Orth is trying "to take away my mind to make me a vegetable. So I know nothing and loose (sic) my gifted abilities." *Id*. at 3.

**D.  Dismissal of Complaint**

As noted above, the Court must dismiss a case if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  An action is "'frivolous where it lacks an arguable basis either in law or in fact.'"  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)).

Jones's claim is frivolous because it lacks an arguable basis either in law or in fact. Judges are entitled to absolute immunity for their judicial acts.

> The doctrine of judicial immunity has been embraced for centuries. It confers complete immunity from suit, not just a mere defense to liability . . . . If a judge errs through inadvertence or otherwise, a party's remedy is through appellate process. Judicial immunity extends to acts performed by the judge in the judge's judicial capacity.

*Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005) (internal citations and punctuation omitted). Because Judge Orth has judicial immunity, this Court does not have jurisdiction to adjudicate this case, and the case must be dismissed.

Because Jones's claim is frivolous, this action is subject to immediate dismissal. "Unless a claim is frivolous, it is rudimentary that a court cannot sua sponte enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an opportunity to cure the defect in the complaint or respond." *Id.* at 660.

## II.  <u>CONCLUSION</u>

For the reasons stated above, Jones's Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee (Filing No. 2) is **GRANTED**. Having screened the Complaint and finding the claim to be frivolous based on Judge Orth's absolute immunity, the Court **DISMISSES** this action for lack of subject-matter jurisdiction. Final judgment will issue under separate order.

**SO ORDERED.**

Date:  __11/14/2019__

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

FREDERICK D. JONES, JR.
Inmate No. 4974
FLOYD COUNTY JAIL
Inmate Mail/Parcels
P.O. Box 1406
New Albany, IN 47150